Griener v. Ulerey.

GRIENER, surviving partner, &c., v. ULEREY.

1. **Partnership:** ADMISSION. The execution of a promissory note, payable to a firm or corporation, is a written admission of the existence of such firm or corporation, and proof *aliunde* of the copartnership or corporation is not required in order to make out a *prima facie* case for recovering on the instrument.

*Appeal from Benton District Court.*

FRIDAY, APRIL 13.

EVIDENCE: PROOF OF PARTNERSHIP. — Action by the plaintiff, as surviving partner, on a promissory note made by the defendant, and payable to the order of "Thomas & Griener." The answer does not deny the death of Thomas, but alleges that "Thomas & Griener" were not partners. The plaintiff introduced the note and rested. Defendant offered no evidence. Judgment for plaintiff. Defendant excepted and appeals.

*H. M. Martin* for the appellant.

*W. C. Connell* for the appellee.

DILLON, J. — The defendant makes but one question: Was the plaintiff entitled to recover upon the introduction of the note, without further proof of the existence of the partnership?

The law is well settled, that the making of a note payable to a firm or to a corporation, is a written admission of the existence of such a firm or corporation, and proof *aliunde* of the copartnership or corporation is not required in order to make out a *prima facie* case for recovery on the instrument. Whether the admission is conclusive is a question not before us. *Gordon* v. *Janney & Co.*, Morris (Iowa), 182, 183; Ang. & Ames on Corp., § 635, and authorities there cited.

It may be true, as alleged in the answer, that "Thomas & Griener" were not general copartners. Yet the note is an admission that with respect to it they sustained to each other this relation.

Affirmed.